Good morning, I'm Michael Morges for the appellants. I'd like to reserve two minutes for rebuttal. May it please the court. The appellants in this case argue that they were reduced for cause from their positions and thus are entitled to administrative appeals. The county takes the position that they were laid off and subject to the civil service rules, they're entitled to nothing. And they have no continuing property interest in their employment because their employment is always subject to layoff under Civil Service Rule 1901. If a trier of fact, and I think this is a question of fact that I don't know that can be resolved at this level, finds that they truly are layoffs within the meaning of the Civil Service Rules, we probably lose, the appellants probably lose. But the facts in the record and the allegations and even the supplemental materials submitted by the appellees show that this is not truly a layoff within the meaning of the Civil Service Rules. For example, nobody lost a job, nobody missed a day of pay, and some of these things, excuse me, are not in the record. But if I were to amend the complaint, I could certainly put them in the complaint. They have the same county employee number. There is no lack of work. None of the positions are truly gone that these people were originally in. The whole agency's gone. But the work is not gone. It's still the same employer. The work, the job functions have simply been transferred. Even the county's own ordinance or the statement of proceedings in the supplemental excerpt of records at, I believe, page 115 and 116, show that there was no intent to remove anybody from a county employment, which would probably draw from the other side a no good deed goes unpunished comment. You took the words right out of my mouth. I knew it was going to come from somewhere. But we're stuck with the facts as they happen. And nevertheless, the question is, are these layoffs within the meaning of the Civil Service Rules? Because that is what's going to determine whether there's a continuing property interest in the employment and whether these plaintiffs are entitled to administrative appeals under the Civil Service Rules. So let's say you got the hearing. What would you prove at the hearing? You say that you can't eliminate an entire office? No, it's not that you can't eliminate an entire office. But, I mean, that's the proof at an individual hearing would be the city says, yeah, well, here's why we eliminated the entire office. And your response would be what? In name, you may have eliminated a particular department of the county. But the same work has merely been shifted to a different department where I, as the plaintiff or the appellant at an administrative appeal, am still employed. I'm doing the same work. You call it something else. However, you've taken away my peace officer powers and you've reduced my pay a certain amount of money. And you've done it for somewhat punitive reasons, for cause. That's the allegation. And it's up to them to prove that that cause, for instance, in the case of Mr. Moore, that he was financially irresponsible. That's the reason he was given for not being employed as a deputy sheriff and instead being knocked down to a custody assistant, which is a non-sworn position. He has an opportunity to defend that charge. Is it really your position that if they had just been fired outright with no opportunity for employment elsewhere, that the city would have, or the county would have no liability, but because they gave them a job, an offer, that they do have liability? I know that that sounds counterintuitive. But I think your answer is yes. My answer is if it's truly a layoff for the reasons that layoffs are, as stated in the civil service rules, then that would be correct because, and I'm not suggesting the county should do this, of course, because employment, and this is not a novel concept, employment, civil service employment, is typically subject to, or your continuing property interest is typically subject to, the possibility that there will be legitimate layoffs because there's no more work or we need to downsize and we need to reduce the workforce. But the facts show that that did not happen here. They didn't reduce the workforce. They simply moved the workforce. And when you read the state... Why can't the county say we want, from now on, we want these jobs performed by deputy sheriffs? Well, not all the jobs are to be performed by deputy sheriffs. Okay, but why can't they say that? We want certain jobs to be performed by deputy sheriffs, not by whatever your folks were. We want them to be deputy sheriffs. And your people, for whatever reason or another, don't qualify as deputy sheriffs. What's wrong with that in theory? Well, I think that's a question of fact that we would pursue at an administrative appeal, that actually we are qualified and the reasons you're giving for not employing us as peace officers, although it's a different designation under the penal code, Penal Code Section 830.31 for county police, Penal Code Section 830.1 for deputy sheriffs, that the reasons are protectual or are not supported by evidence. But could the county say that in a true reorganization and getting rid of these positions? I suppose they could, but that does not mean it is without the right, perhaps, to an administrative appeal if there's an allegation that it was pretextual or that there's retaliation or that it was for cause and not simply we failed to meet the qualifications to be a deputy sheriff. So I think when you look at the record, the record is at odds with what the county's position is, that these are just simply layoffs. The county is allowed to lay off people. You know your job is, your property interest is subject to the possibility of a pure layoff. And this isn't it, according to what's in the record. And what's the civil service definition of layoff that you're saying isn't that? The civil service definition is in the supplemental excerpts of records at page 136, and it's rule 19.01. And it says layoffs. The appointing power may lay off or reduce an employee when necessary for reasons of economy or lack of work. Sorry, reasons of economy or lack of work. Right. And it appears that neither of these reasons is the underpinning for the shifting of responsibilities to the sheriff's department. No employee lost his job. No, wait a minute. They're not doing less work, the county. It's still patrolling the same buildings. No supervisors were eliminated. No functions. Again, in the supplemental excerpts of the record at page 115 and 116, the proposal is that nobody would lose their job. They're going to, and I'm quoting, absorb existing staff into the budgeted positions. Do they not fill positions? In other words, that would have been filled from the outside and said they filled them as people retired or whatever, they filled them with the people who were moving from the old unit? I'm not aware of whether that's the case. Well, wouldn't you have to be aware of that to decide that no people lost their jobs? But if I understand your question, Judge Fischer, you're saying are people in my client's situation filling jobs that were left open by retiring sheriff's department employees, correct? Yes. I don't know that that was the case. You say nobody lost their jobs in the structure. They were going to absorb them. The way you absorb jobs is you move people across, but you don't then, you're not going outside in the normal course that you would have. You give priority, and that's what civil service often guarantees, correct? Yes. They were moved to a new department. They didn't recruit from outside to fill the positions that our clients and other employees of the Office of Public Safety were performing. But it wasn't a question of filling positions of people that had retired, for instance, because they're still doing the same work. The work has not, the need for the work has not disappeared. It's just a question of perhaps who's administering it. But it's all still the county. If I'm reading the supervisor's resolution correctly, there was a hiring freeze. They exempted it from the hiring freeze on a vacant position to accommodate your clients. So the whole thing was economically driven, but they said, let's make these positions available on a priority basis if they're available. Otherwise, they were not available. The opening, there was a hiring freeze, so these positions were not available to the general public for application. I think that actually supports what our position is, that they weren't laid off, that they're doing the same work just elsewhere. It wasn't let's see if we could fill them. It was we still need this work done. We will have these same people do the work, but they'll wear a different color uniform. They'll have a different badge. They may be sworn or not sworn. The allegations of our complaint is that they were reduced for cause from being a deputy sheriff down to a custody assistant, which is a non-sworn position. And these were all sworn officers before this happened. And that in an administrative appeal, they could show that the allegations supporting the reduction, that the county could not prove them by a preponderance of the evidence like any other administrative appeal. Is it your position that in their old status as peace officers, they could have done the identical work of a sworn deputy sheriff? The peace officer status of a deputy sheriff or peace officer powers is somewhat more broad. Yes, it is quite a bit more, isn't it? Yes. So they weren't deputy sheriff level? No, they were not deputy sheriffs. Okay. Thank you. Thank you. Our questions have taken you over time, so. Oh. Yeah, you're two minutes over. Oh, gosh, numbers are going up. Yeah. Okay. I guess if you'll allow me to have time afterwards, we'll see. Thank you. Thank you. Good morning, Your Honors. My name is Peter Davids of Jones Day. We represent the FLEs in this case. Now, in his opening argument, appellant's counsel conceded that if these truly are layoffs, plaintiffs lose. Now, these clearly were layoffs. I'd like to point the court to the county charter, which is in the record at SER, page 098. And it specifically gives the Board of Supervisors the authority, by ordinance, to consolidate or separate offices provided in this charter or by law. This was a motion to dismiss a failure to state a claim, wasn't it? That's correct, Your Honor. We're looking at the complaint. Correct. Why are we looking at the charter? We're looking at this because the district court took judicial notice of these documents, and the law is clear that in reviewing a motion to dismiss, the court is limited to the allegations of the complaint and any materials that are the proper subject of judicial notice. If I understand correctly, the essence of their claim is that they were previously involved in a civil rights lawsuit, and as a result of that, in retaliation, the old department was abolished. A new department was merged with the sheriff's office, and these people didn't get the jobs they should have gotten solely because they were involved in this prior lawsuit. Taking into account we're dealing with a motion to dismiss and not summary judgment, why doesn't that state a claim? For several reasons, Your Honor. The first is it's simply a conclusory allegation. They speculate that this was in retaliation for a lawsuit filed some 12 years earlier. Under this Court's pleading standards, that's just not enough to simply say this was retaliatory. It also is not plausible in light of the record. The record shows that the county studied this issue over the course of two decades, how best to provide law enforcement services countywide. How do we know that? We know that it's in the, for one thing, it's in the Frank decision at page 810, and it's also in the record at page 121 and 122, or actually from 119 to 123, it discusses the history of this. It's also implausible because the ordinance that the Board of Supervisors passed in December 2009 not only eliminated OPS, but it instituted a workforce reduction plan, which allowed OPS officers who were losing their jobs to apply for deputy sheriff positions at the Sheriff's Department. As the Court noted, the Board of Supervisors could simply have eliminated OPS, but instead they provided a transition period where OPS officers were allowed to apply. So in addition to being just conclusory, it's not plausible. There's another plausible explanation in the record. I would also point the Court to a case which unfortunately was not cited in our briefs, and that is Allen v. City of Beverly Hills. The citation is 9-11-Fed 2nd-367. It's a 1990 decision. In that case, the Court made clear, again, 9-11-Fed 2nd-367. You have the citation to the clerk afterwards. Thank you. Did you give the citation to your opponent before the argument? No, I did not. So in this case, it was a factually similar case where the City of Beverly Hills decided to eliminate their city attorney's office. There were four attorneys in the office. They were all civil service employees. One of the attorneys in the office filed a lawsuit saying the elimination of the department was in retaliation because the attorneys in the office had objected to certain or complained about illegal acts on the part of the city. And this court held that you have to look at the civil service rules. You have to look, which were very similar to this case. They allowed for the elimination of a department for reasons of economy. And the court said that the civil service rules define the scope of an employee's, in this case a city employee's, property right. And the simple allegation that the action was not taken in good faith is not enough. So that's just another reason under this case is directly on point. And it holds it's not enough simply to say an action wasn't taken in good faith because it's not the kind of specific limitation on government action that would give rise to a property right. Now plaintiffs say no one would lose their job in this reorganization. But I'd like to point the court to SER 125, and it shows there were 579 sworn OPS officers and yet only 316 budgeted positions for deputy sheriffs. So by definition not all OPS officers were going to be able to become deputy sheriffs. Even OPS officers who met all the hiring qualifications, who passed the standard background investigation, who passed the medical examination, and who passed the psychological examination were not guaranteed a position. Now plaintiffs point to two sources of state law. They say guarantee them these positions, POBRA, Public Safety Officers Procedural Bill of Rights Act, and also the civil service rules. We've talked about the civil service rules. And as we discussed in our brief, POBRA just doesn't apply in this situation. It doesn't apply to hiring decisions, and it doesn't limit a law enforcement agency's ability to set the qualifications for any position. I'd like to turn to the district court's denial of leave to amend. Granting leave to amend would have been futile for the very reason that the civil service rules, in this case, define the scope of plaintiffs' property right to the extent they had any. And as we've discussed, the civil service rules specifically allow for layoffs. Civil Service Rule 1901 allows for layoffs for reasons of economy and, quote, where there are more employees than positions. Here the board eliminated OPS and transferred its functions to the Sheriff's Department, specifically for economic reasons, that's at SCR 115, to improve efficiency and to provide a higher quality of law enforcement at the lowest possible cost. That's at SCR 122 to 123. And by definition, the elimination of OPS meant there were more employees than positions. I'd also point the court to Civil Service Rule 2.32, which defines layoffs. Layoff means a separation from a permanent position because of economy, lack of funds, lack of work, or because a position has been abolished. So here the positions were abolished. Plaintiffs had no right to continuing employment once their position was abolished, and no facts they would allege would change that. Well, if they allege that as they do, but I think they could in more detail, that the layoffs were simply pretextual and can come up with a more, I guess, a retaliation for an event that was closer in time, why wouldn't that stay a claim? Your Honor, what I would point out, as I pointed out, the plaintiffs have had opportunities to amend. They amended their complaint in response to the county's initial motion to dismiss. When the district court denied their, I'm sorry, in response to the county's motion to dismiss, which raised all the same arguments here about how they can't show a property right. They say they want additional leave to amend, but neither in the district court nor in either of their briefs in this court have they identified any additional facts, so they would allege an amended pleading. I'd also point out that when they return to state court, they've had two additional opportunities to amend. They refiled the action in state court and filed the almost identical complaint with no new factual allegations. When the California Superior Court judge dismissed their remaining state allegations, he gave them leave to amend, but they chose not to amend. They chose to stand on their pleadings, and this shows they have nothing more to add. And I would point out the last cause of action in their state complaint is for a petition for a writ of mandate, which seeks the very same relief they seek here, a due process hearing. So I think for all these reasons, they haven't properly alleged a retaliatory reason. They've simply speculated. Secondly, the speculation is not even plausible, given the history. And thirdly, under Allen v. City of Beverly Hills, simply alleging a retaliatory motive is not enough when the civil service rules specifically allow the action to be taken. So I think for all those reasons, it would be futile to grant leave to further amend the complaint. All right. Any further questions? Thank you. Thank you, counsel. Thank you. I'll give you two minutes. Thank you. Maybe I can make a deal with my colleague here and cite a case that I also did not give him notice of. Levine v. City of Alameda, 2008, 525 F3rd 903. An employee was laid off, claimed that it was pretextual, wanted to get his side of the story out, and this court held that he was entitled to a pre- and post-deprivation administrative appeal. Since he had already been let go, the only remedy that could be granted was the post-administrative appeal. As to alleging further facts. It's not a case where the whole department was abolished, I take it, from what you're saying. No. No. But it was the layoff under the civil service rules. Do you have any cases where an entire department is abolished? Not that I'm aware of, no. Mr. Davidza raised the point that you haven't come forward with any facts, new facts that you could allege to improve your complaint. Do you have a response to that? Yes. I stated some facts here from the podium that are not in the record and stated that if I were able to amend the complaint, I would allege them. They go to the issue of whether these were in fact layoffs even, whether they fit within the meaning of the layoff within civil service rule 19.01. Give me an example of one of the facts. Nobody missed a paycheck. They work for the same employer on the list. That's really all in the complaint, isn't it, basically? That nobody missed a day of work, that they're just told, we'll show up here this time. That doesn't add much to what you've already got. To further you along, do you have any other source of law or citation, whether it's civil service or otherwise, to indicate that there is a constitutionally protected property interest in these jobs? Well, I don't think that there's a dispute that they otherwise do have a constitutionally protected property interest in their employment, but for the layoffs. I don't think that the county disputes that. These are permanent employees of the county who passed their probationary periods, and thus they have procedural due process rights, and they have a cognizable property interest in their employment, and there's nothing novel in that concept. Well, I mean, to cut to the chase, I gather what we have is on the table. In terms of the civil service rules, there's no other source of authority you're going to add in an amended complaint. What you're going to add are some facts showing that these layoffs weren't layoffs. I have facts that I could show that these layoffs weren't layoffs, but I do not have, off the top of my head, I do not have additional facts that I think are even necessary to allege that there is a property interest in their employment as permanent employees of the county, save for the layoff issue. Okay. Thank you. Any further questions? Thanks for your argument. Okay, thank you. Very good. The case has heard will be submitted for decision, and we will proceed with hearing Blants v. California Department of Corrections.
judges: Thomas, Silverman, Fisher